UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA LUNDEEN, | ) | CASE NO.  1:23-cv-918 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

*Pro se* plaintiff Cynthia Lundeen filed this action against Wells Fargo Bank, N.A. ("Wells Fargo") (Doc. No. 1) concerning a foreclosure judgment entered against her in the Cuyahoga County Court of Common Pleas.  Plaintiff seeks injunctive relief (Doc. Nos. 1, 3).  Presently pending is Wells Fargo's motion to dismiss (Doc. No. 8).

For the following reasons, the Court grants Defendant's motion to dismiss and dismisses this action.

**I. Background**

On January 8, 2016, Defendant Wells Fargo filed a foreclosure complaint against Lundeen, seeking the balance due on a promissory note and to foreclose on a mortgage. Following Wells Fargo's third amended complaint, Lundeen filed a motion to dismiss the case, claiming Wells Fargo did not have standing to bring the foreclosure action because she had signed the note and mortgage with World Savings Bank, and Wells Fargo had not alleged in the third amended complaint that it was a successor to the note and mortgage by merger or a name change.  The state trial court denied the motion.  Thereafter, Wells Fargo filed a motion for summary judgment, which the trial court granted.  *See Wells Fargo, N.A. v. Lundeen*, No.

107184, 2020-Ohio-28 (Ohio Ct. App. Jan. 9, 2020).

Lundeen appealed the state trial court's decision, alleging that the trial court erred in granting summary judgment to Wells Fargo because she was never served with the third amended complaint and the note and mortgage were not properly authenticated. *Id.* The Eighth District Court of Appeals affirmed the judgment, concluding that Lundeen waived any issue with service because she had not previously raised the issue and proper service can be presumed in this case. *Id.* at * 7-10. The state court of appeals also found no error regarding Wells Fargo's affidavit authenticating the documents attached to its motion for summary judgment. *Id.* at * 13-14. Lundeen asked the Eighth District to reconsider its decision en banc, and the Eight District declined to do so. *See Wells Fargo, N.A.*, No. 107184 (Ohio Ct. App. filed June 15, 2020). Lundeen then appealed the Eighth District Court of Appeals' decision to the Ohio Supreme Court, which declined jurisdiction. *See Wells Fargo, N.A. v. Lundeen*, No. 2020-0932, 2020-Ohio-4811 (Ohio 2020).

Lundeen additionally filed a direct action seeking a writ of prohibition in the Eighth District Court of Appeals to prevent the enforcement of the foreclosure judgment, which was dismissed. *See State ex rel. Lundeen v. Burnside*, No. 107657, 2018-Ohio-4122 (Ohio Ct. App. October 5, 2018). She filed another direct action, once again seeking a writ of prohibition in the Eight District Court of Appeals, which was also dismissed. *See Lundeen v. Turner*, No. 109240, 2020-Ohio-274 (Ohio Ct. App. Jan. 24, 2020). In May 2021, the Ohio Supreme Court denied relief in Lundeen's direct appeal. *See Lundeen v. Turner*, No. 2020-0356, 172 N.E.3d 150 (Ohio 2021). And in May 2022, the Ohio Supreme Court affirmed the court of appeals' denial of Lundeen's motion for relief from judgment. *See Lundeen v. Turner*, No. 2021-1032, 194 N.E.3d 349 (Ohio 2022).

Plaintiff now challenges the foreclosure judgment in this Court. She claims in this action that she was not served with the complaint, she did not waive personal jurisdiction, and she did not participate in the state court proceedings. (Doc. No. 1 at 6). Plaintiff alleges that the foreclosure judgment was void ab initio and Defendant has violated "the doctrine of equitable estoppel otherwise known as fraud on the court." (*Id.* at 5, 10). She seeks a restraining order enjoining Defendant from executing on the foreclosure judgment.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.

Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing Haines, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

#### A. Rooker-Feldman Doctrine

To the extent Plaintiff is asking this Court to reverse the state court foreclosure judgment, the *Rooker-Feldman* doctrine bars this Court's consideration of her claims. Federal district courts do not have jurisdiction over challenges to state court decisions even if those decisions are unconstitutional. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L.

Ed. 362 (1923).

The *Rooker-Feldman* doctrine states that a party losing his or her case in state court is barred from seeking what in substance would be federal appellate review of the state judgment. *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994). Federal jurisdiction cannot be invoked merely by couching the claim in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 U.S. App. LEXIS 24340, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999).

Two elements must be satisfied for the *Rooker-Feldman* doctrine to apply to bar a claim in federal district court. First, the issue before the federal court must be inextricably intertwined with the claim asserted in state court. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), overruled on other grounds as stated in *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* at 293 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)). Second, the claim must be a specific grievance that the law was invalidly or unconstitutionally applied in Plaintiff's particular case as opposed to a general constitutional challenge to the law applied in the state action. *Id.* Accordingly, the *Rooker-Feldman* doctrine applies to "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

Here, Plaintiff asks this Court to review the state court's decisions in the foreclosure

action and to declare the foreclosure judgment void. This action is precisely the kind of challenge to a state court decision that is barred by the *Rooker-Feldman* doctrine. Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16. This Court therefore lacks subject matter jurisdiction over Plaintiff's complaint.

Moreover, under 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Section 2283 applies to stay of foreclosure proceedings. *Cragin v. Comerica Mortg. Co.*, 69 F.3d 537 (6th Cir. 1995) ("28 U.S.C. § 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts") (citing *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990)); *Muhammad v. Bank of New York*, No. CIV.A. 06-163, 2006 U.S. Dist. LEXIS 39342, 2006 WL 1653129, at *1 (D. Del. June 12, 2006) (declining pursuant to § 2283 to stay foreclosure until plaintiff litigated his claim of discrimination related to mortgage fraud); *see also Turner v. Lerner, Sampson & Rothfuss*, No. 1:11-cv-00056GW, 2011 U.S. Dist. LEXIS 41364, 2011 WL 1357451, at *5 n.5 (N.D. Ohio Apr. 11, 2011) (citing *Rooker-Feldman* and § 2283 as the bases for declining to enjoin/stay state foreclosure proceeding) (collecting cases).

### B. Res Judicata

Finally, to the extent the state foreclosure proceedings have concluded and Plaintiff is seeking to relitigate the foreclosure action again in a different court in the hopes of achieving a different result, the doctrine of res judicata bars Plaintiff's claims.

Federal courts must give the same preclusive effect to a state-court judgment as that

judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392, 2008 Ohio 6254, 899 N.E.2d 975 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.* Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994).

Here, Plaintiff is challenging the validity of the state court's judgment in foreclosure, which is a final judgment rendered upon the merits. Because this issue has already been considered and decided by the state court, res judicata bars Plaintiff's claims. And even if the

7

cause of action in this federal court action is new, the facts necessary to support this claim were previously determined by the state court. Moreover, to the extent Plaintiff argues that her claim regarding the alleged lack of service has not been previously adjudicated, this claim could have been litigated in the prior state action. This Court must give full faith and credit to the state court judgment. Plaintiff is therefore barred from relitigating those matters in this Court.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 8) and dismisses the action.

**IT IS SO ORDERED.**

Date: July 28, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE